IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:25-cv-00746-D-KS

CYNTHIA LEE, M.S.Ed; R.S. by and through her parent, C.S., and on behalf of all others similarly situated; D.C. by and through his parent, B.C., and on behalf of all others similarly situated; J.M. by and through his parent, C.M., and on behalf of all others similarly situated;

Plaintiffs,

v.

CUMBERLAND COUNTY BOARD OF EDUCATION; NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION; CAROL ANN HUDGENS in her official capacity as Senior Director of the North Carolina Department of Public Instruction Office of Exceptional Children; AYANNA RICHARD in her individual capacity and in her official capacity as Cumberland County Schools' Executive Director of Exceptional Children Services; and SHANNON BOOTH in her individual capacity and official capacity as Principal of Sherwood Park Elementary School;

Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CUMBERLAND COUNTY BOARD OF EDUCATION, AYANNA RICHARD, and SHANNON BOOTH**

NOW COME Cumberland County Board of Education, Ayanna Richard, and Shannon Booth ("Defendants"), by and through undersigned counsel, and hereby answers the allegations of Plaintiffs' Complaint, as follows:

## ANSWER

Defendants submit their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

## TABLE OF CONTENTS

To the extent a response is required, Defendants deny allegations contained in the section of the Complaint titled "Table of Contents."

### I. NATURE OF THE ACTION

1. As to the allegations contained in Paragraph 1 of the Plaintiffs' Complaint, it is admitted that Plaintiffs, R.S., D.C., and J.M. were second-grade students at Sherwood Park Elementary School, a public school within the Cumberland County Schools' system. Except as admitted, denied.

2. As to the allegations contained in Paragraph 2 of the Plaintiffs' Complaint, the contents of the Individuals with Disabilities Education Act ("IDEA") speak for themselves and are the best evidence of IDEA and its requirements. To the extent a response is required, the allegations are denied.

3. As to the allegations contained in Paragraph 3 of the Plaintiffs' Complaint, it is admitted that Plaintiff Lee was a second-grade teacher that taught R.S., D.C., and J.M. Except as admitted, denied.

4. As to the allegations contained in Paragraph 4 of the Plaintiffs' Complaint, the contents of IDEA speak for themselves and are the best evidence of IDEA and its requirements. To the extent a response is required, the allegations are denied.

5. The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

6. The allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint, inclusive of Footnote 1, are denied.

8. The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied as phrased.

9. The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied as phrased.

10. The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied as phrased.

11. As to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, it is admitted that Plaintiff Lee filed a complaint with NCDPI and that the contents of that filing speak for themselves. Except as admitted, denied.

12. The allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied.

13. As to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, inclusive of Footnote 2, it is admitted that NCDPI issued a report and that the contents of the report speak for themselves. Except as admitted, denied.

14. The allegations contained in Paragraph 14 of Plaintiffs' Complaint are denied.

15. The allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied.

16. The allegations contained in Paragraph 16 of Plaintiffs' Complaint do not require a response. To the extent a response is required, the allegations are denied.

## II. THE PARTIES

17. As to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, it is admitted that Plaintiff Lee was employed by Cumberland County Schools and taught R.S., D.C., and J.M. at Sherwood Park Elementary School. Except as admitted denied.

18. As to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, it is admitted upon information and belief that Plaintiff R.S. was a citizen of Cumberland County, North Carolina. It is admitted that Plaintiff R.S. was enrolled as a student at Sherwood Park Elementary School. Except as admitted, denied.

19. As to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, it is admitted upon information and belief that Plaintiff D.C. was a citizen of Cumberland County, North Carolina. It is admitted that Plaintiff D.C. was enrolled as a student at Sherwood Park Elementary School. Except as admitted, denied.

20. As to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, it is admitted upon information and belief that Plaintiff J.M. was a citizen of Cumberland County, North Carolina. It is admitted that Plaintiff J.M. was enrolled as a student at Sherwood Park Elementary School. Except as admitted, denied.

21. As to the allegations contained in Paragraph 21 of Plaintiffs' Complaint, it is admitted that NCDPI is a governmental entity operating under the laws of the State of North Carolina. The remaining allegations are legal conclusions that do not require a response. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

22. As to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, it is admitted that Defendant Cumberland County Board of Education is a board of education conducting business in Cumberland County, North Carolina. The remaining allegations are legal conclusions that do not require a response. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

23. The allegations contained in Paragraph 23 of Plaintiffs' Complaint, inclusive of

Footnote 3, are denied for lack of information and knowledge.

24. As to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, it is admitted that Defendant Ayanna Richard is the Executive Director of Exceptional Children Services for the Cumberland County Schools' system. Except as admitted denied.

25. As to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, it is admitted that Defendant Shannon Booth is a resident of Cumberland County and was the Principal of Sherwood Park Elementary School. Except as admitted denied.

## III. JURISDICTION AND VENUE

26. The allegations contained in Paragraph 26 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

27. The allegations contained in Paragraph 27 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

28. The allegations contained in Paragraph 28 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

29. The allegations contained in Paragraph 29 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

## IV. FACTUAL ALLEGATIONS

30. As to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, the contents of IDEA speak for themselves and are the best evidence of IDEA and its requirements.

To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

31. As to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, the contents of IDEA speak for themselves and are the best evidence of IDEA and its requirements. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

32. The allegations contained in Paragraph 32 of Plaintiffs' Complaint appear to cite a statute, the contents of which speak for themselves and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

33. The allegations contained in Paragraph 33 of Plaintiffs' Complaint, inclusive of all subparts, appear to cite a statute, the contents of which speak for themselves and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

34. The allegations contained in Paragraph 34 of Plaintiffs' Complaint appear to cite a statute, the contents of which speak for themselves and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

35. The allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied.

36. The allegations contained in Paragraph 36 of Plaintiffs' Complaint cite a document attached as Exhibit 1, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied to the extent they are inconsistent with the referenced document.

37. The allegations contained in Paragraph 37 of Plaintiffs' Complaint cite a document attached as Exhibit 1, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied to the extent they are inconsistent with the referenced document.

38. The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

39. The allegations contained in Paragraph 39 of Plaintiffs' Complaint cite a document attached as Exhibit 2, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

40. The allegations contained in Paragraph 39 of Plaintiffs' Complaint cite a document attached as Exhibit 2, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

41. The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied.

42. The allegations contained in Paragraph 42 of Plaintiffs' Complaint cite a document attached as Exhibit 2, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

43. The allegations contained in Paragraph 43 of Plaintiffs' Complaint cite a document attached as Exhibit 3, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

44. The allegations contained in Paragraph 44 of Plaintiffs' Complaint cite a

document attached as Exhibit 3, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

45. The allegations contained in Paragraph 45 of Plaintiffs' Complaint, inclusive of all subparts, cite a document attached as Exhibit 3, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied to the extent they are inconsistent with the document.

46. The allegations contained in Paragraph 46 of Plaintiffs' Complaint, inclusive of all subparts, cite a document attached as Exhibit 3, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied to the extent they are inconsistent with the document.

47. The allegations contained in Paragraph 47 of Plaintiffs' Complaint a document attached as Exhibit 3, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

48. The allegations contained in Paragraph 48 of Plaintiffs' Complaint, inclusive of all subparts, a document attached as Exhibit 3, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations of Paragraph 48 are denied, and the subparts are denied to the extent they are inconsistent with the document.

49. The allegations contained in Paragraph 49 of Plaintiffs' Complaint are denied.

50. The allegations contained in Paragraph 50 of Plaintiffs' Complaint are denied.

51. The allegations contained in Paragraph 51 of Plaintiffs' Complaint are admitted.

52. The allegations contained in Paragraph 52 of Plaintiffs' Complaint are denied.

53. The allegations contained in Paragraph 53 of Plaintiffs' Complaint are denied.

54. The allegations contained in Paragraph 54 of Plaintiffs' Complaint are denied.

55. The allegations contained in Paragraph 55 of Plaintiffs' Complaint are denied.

56. The allegations contained in Paragraph 56 of Plaintiffs' Complaint are denied.

57. The allegations contained in Paragraph 57 of Plaintiffs' Complaint are denied.

58. The allegations contained in Paragraph 58 of Plaintiffs' Complaint are denied.

59. The allegations contained in Paragraph 59 of Plaintiffs' Complaint are denied.

60. The allegations contained in Paragraph 60 of Plaintiffs' Complaint are denied.

61. The allegations contained in Paragraph 61 of Plaintiffs' Complaint are denied for lack of information and knowledge.

62. As to the allegations contained in Paragraph 62 of Plaintiffs' Complaint, it is admitted that Plaintiff Lee was employed by Cumberland County Schools as a second-grade teacher and that J.M., D.C., and R.S. were students in her class during the 2024-2025 school year. Except as admitted, denied.

63. The allegations contained in Paragraph 63 of Plaintiffs' Complaint are denied.

64. The allegations contained in Paragraph 64 of Plaintiffs' Complaint are denied.

65. The allegations contained in Paragraph 65 of Plaintiffs' Complaint are denied.

66. The allegations contained in Paragraph 66 of Plaintiffs' Complaint are denied.

67. The allegations contained in Paragraph 67 of Plaintiffs' Complaint are denied.

68. The allegations contained in Paragraph 68 of Plaintiffs' Complaint are denied.

69. The allegations contained in Paragraph 69 of Plaintiffs' Complaint are denied.

70. The allegations contained in Paragraph 70 of Plaintiffs' Complaint are denied.

71. The allegations contained in Paragraph 71 of Plaintiffs' Complaint are denied.

72. The allegations contained in Paragraph 72 of Plaintiffs' Complaint are denied.

73. The allegations contained in Paragraph 73 of Plaintiffs' Complaint are denied.

74. The allegations contained in Paragraph 74 of Plaintiffs' Complaint are denied.

75. The allegations contained in Paragraph 75 of Plaintiffs' Complaint are denied.

76. The allegations contained in Paragraph 76 of Plaintiffs' Complaint are denied.

77. As to the allegations contained in Paragraph 77 of Plaintiffs' Complaint, it is admitted that Plaintiff Lee filed a complaint with NCDPI. Except as admitted, denied.

78. The allegations contained in Paragraph 78 of Plaintiffs' Complaint do not require a response.

79. The allegations contained in Paragraph 79 of Plaintiffs' Complaint are admitted.

80. The allegations contained in Paragraph 80 of Plaintiffs' Complaint cite a document attached as Exhibit 5, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

81. The allegations contained in Paragraph 81 of Plaintiffs' Complaint cite a document attached as Exhibit 5, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

82. The allegations contained in Paragraph 82 of Plaintiffs' Complaint cite a document attached as Exhibit 5, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

83. The allegations contained in Paragraph 80 of Plaintiffs' Complaint, inclusive of

all subparts, cite a document attached as Exhibit 5, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

84. The allegations contained in Paragraph 84 of Plaintiffs' Complaint, inclusive of all subparts, cite a document attached as Exhibit 5, the contents of which speak for themselves and are the best evidence of the referenced document. To the extent a response is required, the allegations are denied.

85. The allegations contained in Paragraph 85 of Plaintiffs' Complaint, inclusive of all subparts, are denied.

86. The allegations contained in Paragraph 86 of Plaintiffs' Complaint are denied.

87. The allegations contained in Paragraph 87 of Plaintiffs' Complaint are denied.

88. The allegations contained in Paragraph 88 of Plaintiffs' Complaint are denied.

89. The allegations contained in Paragraph 89 of Plaintiffs' Complaint are denied.

90. The allegations contained in Paragraph 90 of Plaintiffs' Complaint are denied.

91. The allegations contained in Paragraph 91 of Plaintiffs' Complaint are denied.

92. The allegations contained in Paragraph 92 of Plaintiffs' Complaint are denied.

93. As to the allegations contained in Paragraph 93 of Plaintiffs' Complaint, it is admitted that Plaintiff Lee declined an employment offer and chose not to return to Sherwood Elementary. Except as admitted, denied.

94. The allegations contained in Paragraph 94 of Plaintiffs' Complaint are denied.

95. The allegations contained in Paragraph 95 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

## V. CLASS ACTION ALLEGATIONS

96. The allegations contained in Paragraph 96 of Plaintiffs' Complaint are denied.

97. The allegations contained in Paragraph 97 of Plaintiffs' Complaint are denied.

98. The allegations contained in Paragraph 98 of Plaintiffs' Complaint are denied.

99. The allegations contained in Paragraph 99 of Plaintiffs' Complaint are denied.

100. The allegations contained in Paragraph 100 of Plaintiffs' Complaint are denied.

101. The allegations contained in Paragraph 101 of Plaintiffs' Complaint are denied.

102. The allegations contained in Paragraph 102 of Plaintiffs' Complaint, inclusive of all subparts, are denied.

103. The allegations contained in Paragraph 103 of Plaintiffs' Complaint are denied.

104. The allegations contained in Paragraph 104 of Plaintiffs' Complaint are denied.

105. The allegations contained in Paragraph 105 of Plaintiffs' Complaint are denied.

## VI. ISSUE OF ADMINISTRATIVE REMEDIES

106. The allegations contained in Paragraph 106 of Plaintiffs' Complaint appear to cite a statute, the contents of which speak for itself and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

107. The allegations contained in Paragraph 107 of Plaintiffs' Complaint appear to cite court cases, the contents of which speak for themselves and are the best evidence of the referenced caselaw. To the extent a response is required, the allegations are denied to the extent they are inconsistent with cited cases.

108. The allegations contained in Paragraph 108 of Plaintiffs' Complaints are denied.

109. The allegations contained in Paragraph 109 of Plaintiffs' Complaints are denied.

110. The allegations contained in Paragraph 110 of Plaintiffs' Complaints are denied.

111. The allegations contained in Paragraph 111 of Plaintiffs' Complaints are denied.

112. The allegations contained in Paragraph 112 of Plaintiffs' Complaints are denied.

113. The allegations contained in Paragraph 113 of Plaintiffs' Complaints are denied.

114. The allegations contained in Paragraph 114 of Plaintiffs' Complaints are denied.

## VII. CAUSES OF ACTION

FIRST CAUSE OF ACTION

115. The foregoing responses are realleged and incorporated by reference as though they are fully set forth herein.

116. The allegations contained in Paragraph 116 of Plaintiffs' Complaint are not directed at these answering Defendants and therefore no response is required. To the extent a response is required, the allegations are admitted.

117. The allegations contained in Paragraph 117 are admitted.

118. The allegations contained in Paragraph 118 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

119. The allegations contained in Paragraph 119 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

120. The allegations contained in Paragraph 120 of Plaintiffs' Complaint are denied.

121. The allegations contained in Paragraph 121 of Plaintiffs' Complaint are denied.

122. The allegations contained in Paragraph 122 of Plaintiffs' Complaint are denied.

123. The allegations contained in Paragraph 123 of Plaintiffs' Complaint are denied.

124. The allegations contained in Paragraph 124 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

125. The allegations contained in Paragraph 125 of Plaintiffs' Complaint are denied.

126. The allegations contained in Paragraph 126 of Plaintiffs' Complaint are denied.

127. The allegations contained in Paragraph 127 of Plaintiffs' Complaint are denied.

SECOND CAUSE OF ACTION

128. The foregoing responses are realleged and incorporated by reference as though they are fully set forth herein.

129. The allegations contained in Paragraph 129 of Plaintiffs' Complaint appear to cite a statute, the contents of which speak for itself and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

130. The allegations contained in Paragraph 130 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

131. The allegations contained in Paragraph 131 of Plaintiffs' Complaint are denied.

132. The allegations contained in Paragraph 132 of Plaintiffs' Complaint are denied.

133. The allegations contained in Paragraph 133 of Plaintiffs' Complaint are denied.

134. The allegations contained in Paragraph 134 of Plaintiffs' Complaint are denied.

135. The allegations contained in Paragraph 135 of Plaintiffs' Complaint are denied.

THIRD CAUSE OF ACTION

136. The foregoing responses are realleged and incorporated by reference as though

they are fully set forth herein.

137. The allegations contained in Paragraph 137 of Plaintiffs' Complaint appear to cite a statute, the contents of which speak for itself and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

138. The allegations contained in Paragraph 138 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

139. The allegations contained in Paragraph 139 of Plaintiffs' Complaint are denied.

140. The allegations contained in Paragraph 140 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

141. The allegations contained in Paragraph 141 of Plaintiffs' Complaint are denied.

142. The allegations contained in Paragraph 142 of Plaintiffs' Complaint are denied.

FOURTH CAUSE OF ACTION

143. The foregoing responses are realleged and incorporated by reference as though they are fully set forth herein.

144. The allegations contained in Paragraph 144 of Plaintiffs' Complaint are denied.

145. The allegations contained in Paragraph 140 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

146. The allegations contained in Paragraph 146 of Plaintiffs' Complaint are denied.

147. The allegations contained in Paragraph 147 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

148. As to the allegations contained in Paragraph 148 of Plaintiffs' Complaint, it is admitted that Plaintiff Lee filed a complaint with the NCDPI. Except as admitted, denied.

149. The allegations contained in Paragraph 149 of Plaintiffs' Complaint state a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

150. The allegations contained in Paragraph 150 of Plaintiffs' Complaint are denied.

151. The allegations contained in Paragraph 151 of Plaintiffs' Complaint are denied.

152. The allegations contained in Paragraph 152 of Plaintiffs' Complaint are denied.

153. The allegations contained in Paragraph 153 of Plaintiffs' Complaint are denied.

154. The allegations contained in Paragraph 154 of Plaintiffs' Complaint are denied.

155. The allegations contained in Paragraph 155 of Plaintiffs' Complaint are denied.

156. The allegations contained in Paragraph 156 of Plaintiffs' Complaint are denied.

FIFTH CAUSE OF ACTION

157. The foregoing responses are realleged and incorporated by reference as though they are fully set forth herein.

158. The allegations contained in Paragraph 158 of Plaintiffs' Complaint are denied.

159. The allegations contained in Paragraph 159 of Plaintiffs' Complaint are denied.

160. The allegations contained in Paragraph 160 of Plaintiffs' Complaint are denied.

161. The allegations contained in Paragraph 161 of Plaintiffs' Complaint are denied.

162. The allegations contained in Paragraph 162 of Plaintiffs' Complaint appear to cite

a statute, the contents of which speak for itself and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

163. The allegations contained in Paragraph 163 of Plaintiffs' Complaint appear to cite a statute, the contents of which speak for itself and are the best evidence of the referenced statute. To the extent a response is required, the allegations are denied to the extent they are inconsistent with applicable federal and state law.

164. The allegations contained in Paragraph 164 of Plaintiffs' Complaint are denied.

165. The allegations contained in Paragraph 165 of Plaintiffs' Complaint do not require a response

VIII. PRAYER FOR RELIEF.

166. The allegations contained in Paragraph 166 of Plaintiffs' Complaint, inclusive of all subparts, are denied.

167. The allegations contained in Paragraph 167 of Plaintiffs' Complaint, inclusive of all subparts, are denied.

168. EACH AND EVERY OTHER ALLEGATION CONTAINED IN PLAINTIFFS' COMPLAINT, NOT SPECIFICALLY ADMITTED HEREIN, INCLUDING HEADINGS AND PLAINTIFF'S PRAYER FOR RELIEF, IS DENIED IN ITS ENTIRETY.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### Second Affirmative Defense

The alleged acts or omission of these answering Defendants were not the proximate cause

of Plaintiffs' alleged injuries, damages, or educational difficulties.

**Third Affirmative Defense**

To the extent any procedural violations of IDEA existed, which is denied, said violations were harmless and the students received Free Appropriate Public Education.

**Fourth Affirmative Defense**

To the extent any procedural violations of IDEA existed, which is denied, said violations did not result in a loss of educational opportunity, violate the parents' right to participate, or cause any deprivation of educational benefits.

**Fifth Affirmative Defense**

Plaintiffs have failed to exhaust their administrative remedies and therefore Plaintiffs' claims are barred.

**Sixth Affirmative Defense**

These answering Defendants hereby plead all applicable immunities to which they are entitled to by operation of law, including but not limited to sovereign or governmental immunity, in bar of Plaintiffs' claims. Defendants shows unto the Court that Defendant Cumberland County Board of Education is immune from liability on any claim in excess of available insurance policy limits or coverage and has not waived immunity as to any of those claims nor has Defendant Cumberland County Board of Education waived any other claims not covered by available insurance.

**Seventh Affirmative Defense**

Plaintiffs' Complaint fails to plead malice or reckless indifference as to any of the Defendants and Plaintiffs' prayers for punitive damages should be dismissed as a matter of law.

**Eighth Affirmative Defense**

Defendants have complied with all relevant state and federal statutes regarding Plaintiff's employment.

**Ninth Affirmative Defense**

Plaintiff Lee's Claim of Wrongful Termination should be dismissed as her working conditions were not objectively intolerable when she voluntarily ended her employment.

**Tenth Affirmative Defense**

Defendants shows unto the Court that Defendant Cumberland County Board of Education is immune from Plaintiffs' claim for punitive damages.

**Eleventh Affirmative Defense**

Defendants plead that Plaintiffs have failed to meet conditions precedent before filing their claims.

**Twelfth Affirmative Defense**

Defendants plead that Plaintiffs lack standing to bring the claims.

**Thirteenth Affirmative Defense**

Defendants plead that as to the assertions of a class action that Plaintiffs lack common claims, have individualized issues, individualized assessments, individualized damages, and are not adequate as class representatives.

**Fourteenth Affirmative Defense**

Defendants plead that some or all of the assertions, allegations, and claims are moot.

**RESERVATION AND NON-WAIVER**

These answering Defendants hereby reserve and do not waive the right to plead any additional and further defenses, including affirmative defenses, as may be revealed during the

course and discovery in this matter or at trial.

WHEREFORE, having fully answered each and every allegation of Plaintiffs' Complaint, Defendants Cumberland County Board of Education, Ayanna Richard, and Shannon Booth pray unto the Court as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice;
2. That Plaintiffs have and recover nothing from these answering Defendants;
3. FOR TRIAL BY JURY ON ALL ISSUES OF TRIABLE FACT;
4. That the costs of this action be taxed against Plaintiffs; and
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of February 2026.

**RAGSDALE LIGGETT PLLC**

By: */s/ Mary M. Webb*______

Mary M. Webb
N.C. Bar No. 19166
Email: mwebb@rl-law.com
Amie C. Sivon
N.C. Bar No. 34206
Email : asivon@rl-law.com
Edward E. Coleman III
N.C. Bar No. 42515
Email: ecoleman@rl-law.com
2840 Plaza Place, Suite 400
Raleigh, NC 27612
Phone: (919) 787-5200
Fax: (919) 783-8991
*Counsel for Defendants Cumberland County Board of Education, Ayanna Richard, and Shannon Booth*