Lee, et al. v. CCS, et al
EXHIBIT
1

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF SPECIAL EDUCATION AND REHABILITATIVE SERVICES

January 21, 2011

Contact Persons:
Name: Ruth Ryder
Telephone: 202-245-7513
Name: Deborah Morrow
Telephone: 202-245-7456

OSEP 11-07

**MEMORANDUM**

TO: State Directors of Special Education

FROM: Melody Musgrove, Ed.D. /s/
Director
Office of Special Education Programs

SUBJECT: A Response to Intervention (RTI) Process Cannot Be Used to Delay-Deny an Evaluation for Eligibility under the Individuals with Disabilities Education Act (IDEA)

The provisions related to child find in section 612(a)(3) of the Individuals with Disabilities Education Act (IDEA), require that a State have in effect policies and procedures to ensure that the State identifies, locates and evaluates all children with disabilities residing in the State, including children with disabilities who are homeless or are wards of the State, and children with disabilities attending private schools, regardless of the severity of their disability, and who are in need of special education and related services. It is critical that this identification occur in a timely manner and that no procedures or practices result in delaying or denying this identification. It has come to the attention of the Office of Special Education Programs (OSEP) that, in some instances, local educational agencies (LEAs) may be using Response to Intervention (RTI) strategies to delay or deny a timely initial evaluation for children suspected of having a disability. States and LEAs have an obligation to ensure that evaluations of children suspected of having a disability are not delayed or denied because of implementation of an RTI strategy.

A multi-tiered instructional framework, often referred to as RTI, is a schoolwide approach that addresses the needs of all students, including struggling learners and students with disabilities,

and integrates assessment and intervention within a multi-level instructional and behavioral system to maximize student achievement and reduce problem behaviors. With a multi-tiered instructional framework, schools identify students at-risk for poor learning outcomes, monitor student progress, provide evidence-based interventions, and adjust the intensity and nature of those interventions depending on a student's responsiveness.

While the Department of Education does not subscribe to a particular RTI framework, the core characteristics that underpin all RTI models are: (1) students receive high quality research-based instruction in their general education setting; (2) continuous monitoring of student performance; (3) all students are screened for academic and behavioral problems; and (4) multiple levels (tiers) of instruction that are progressively more intense, based on the student's response to instruction. OSEP supports State and local implementation of RTI strategies to ensure that children who are struggling academically and behaviorally are identified early and provided needed interventions in a timely and effective manner. Many LEAs have implemented successful RTI strategies, thus ensuring that children who do not respond to interventions and are potentially eligible for special education and related services are referred for evaluation; and those children who simply need intense short-term interventions are provided those interventions.

The regulations implementing the 2004 Amendments to the IDEA include a provision mandating that States allow, as part of their criteria for determining whether a child has a specific learning disability (SLD), the use of a process based on the child's response to scientific, research-based intervention[1]. See 34 CFR §300.307(a)(2). OSEP continues to receive questions regarding the relationship of RTI to the evaluation provisions of the regulations. In particular, OSEP has heard that some LEAs may be using RTI to delay or deny a timely initial evaluation to determine if a child is a child with a disability and, therefore, eligible for special education and related services pursuant to an individualized education program.

Under 34 CFR §300.307, a State must adopt, consistent with 34 CFR §300.309, criteria for determining whether a child has a specific learning disability as defined in 34 CFR §300.8(c)(10). In addition, the criteria adopted by the State: (1) must not require the use of a severe discrepancy between intellectual ability and achievement for determining whether a child has an SLD; (2) must permit the use of a process based on the child's response to scientific, research-based intervention; and (3) may permit the use of other alternative research-based procedures for determining whether a child has an SLD. Although the regulations specifically address using the process based on the child's response to scientific, research-based interventions (i.e., RTI) for determining if a child has an SLD, information obtained through RTI strategies may also be used as a component of evaluations for children suspected of having other disabilities, if appropriate.

The regulations at 34 CFR §300.301(b) allow a parent to request an initial evaluation at any time to determine if a child is a child with a disability. The use of RTI strategies cannot be used to

---

[1] The Department has provided guidance regarding the use of RTI in the identification of specific learning disabilities in its letters to: Zirkel - 3-6-07, 8-15-07, 4-8-08, and 12-11-08; Clarke - 5-28-08; and Copenhaver - 10-19-07. Guidance related to the use of RTI for children ages 3 through 5 was provided in the letter to Brekken - 6-2-10. These letters can be found at http://www2.ed.gov/policy/speced/guid/idea/index.html.

delay or deny the provision of a full and individual evaluation, pursuant to 34 CFR §§300.304-300.311, to a child suspected of having a disability under 34 CFR §300.8. If the LEA agrees with a parent who refers their child for evaluation that the child may be a child who is eligible for special education and related services, the LEA must evaluate the child. The LEA must provide the parent with notice under 34 CFR §§300.503 and 300.504 and obtain informed parental consent, consistent with 34 CFR §300.9, before conducting the evaluation. Although the IDEA and its implementing regulations do not prescribe a specific timeframe from referral for evaluation to parental consent, it has been the Department's longstanding policy that the LEA must seek parental consent within a reasonable period of time after the referral for evaluation, if the LEA agrees that an initial evaluation is needed. See Assistance to States for the Education of Children with Disabilities and Preschool Grants for Children with Disabilities, Final Rule, 71 Fed. Reg., 46540, 46637 (August 14, 2006). An LEA must conduct the initial evaluation within 60 days of receiving parental consent for the evaluation or, if the State establishes a timeframe within which the evaluation must be conducted, within that timeframe. 34 CFR §300.301(c).

If, however, the LEA does not suspect that the child has a disability, and denies the request for an initial evaluation, the LEA must provide written notice to parents explaining why the public agency refuses to conduct an initial evaluation and the information that was used as the basis for this decision. 34 CFR §300.503(a) and (b). The parent can challenge this decision by requesting a due process hearing under 34 CFR §300.507 or filing a State complaint under 34 CFR §300.153 to resolve the dispute regarding the child's need for an evaluation. It would be inconsistent with the evaluation provisions at 34 CFR §§300.301 through 300.111 for an LEA to reject a referral and delay provision of an initial evaluation on the basis that a child has not participated in an RTI framework.

We hope this information is helpful in clarifying the relationship between RTI and evaluations pursuant to the IDEA. Please examine the procedures and practices in your State to ensure that any LEA implementing RTI strategies is appropriately using RTI, and that the use of RTI is not delaying or denying timely initial evaluations to children suspected of having a disability. If you have further questions, please do not hesitate to contact me or Ruth Ryder at 202-245-7513.

References:

Questions and Answers on RTI and Coordinated Early Intervening Services (CEIS), January 2007

Letter to Brekken, 6-2-2010

Letter to Clarke, 4-28-08

Letter to Copenhaver, 10-19-07

Letters to Zirkel, 3-6-07, 8-15-07, 4-8-08 and 12-11-08

cc: Chief State School Officers
Regional Resource Centers
Parent Training Centers
Protection and Advocacy Agencies
Section 619 Coordinators