**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**CIVIL ACTION NO: 5:25-CV-746**

| | |
|---|---|
| **CYNTHIA LEE; R.S. by and through her parent, C.S., and on behalf of all others similarly situated; D.C. by and through his parent, B.C., and on behalf of all others similarly situated; J.M. by and through his parent and guardian, C.M., and on behalf of all others similarly situated; and L.J. by and through his parent and guardian, C.J., and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CUMBERLAND COUNTY BOARD OF EDUCATION; NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION; AYANNA RICHARD in her individual capacity and official capacity as Cumberland County Schools' Executive Director of Exceptional Children Services; and SHANNON BOOTH in her individual capacity and official capacity as Principal of Sherwood Park Elementary School,**<br><br>**Defendants.** | **REPLY IN SUPPORT OF NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

In their Brief In Opposition to the Department of Public Instruction's Motion to Dismiss, Plaintiffs concede that they are no longer asserting claims against Carol Ann Hudgens. D.E. 39 at 23. They also stipulate to dismissal of any claims against the Department of Public Instruction ("DPI") arising out of Plaintiff Lee's employment. *Id.* at 24. Thus, the only claims from Plaintiffs' First Amended Complaint remaining against DPI are Plaintiffs' First and Second Causes of Action, which assert violations of the Individuals with Disabilities Education Act

(“IDEA”) and Section 504 of the Rehabilitation Act, respectively. But Plaintiffs fail to articulate any persuasive reasons why those claims, too, should not be dismissed.

## I. Plaintiffs Have Not Stated Claims Against DPI Under the IDEA or Section 504.

As set forth in DPI’s memorandum in support of its motion to dismiss, Plaintiffs’ First Amended Complaint fails on its face because Plaintiffs have failed to plausibly allege any violations by DPI under the IDEA or Section 504. D.E. 30 at 16-18. In their response, Plaintiffs point to allegations that “over the course of fifteen years,” DPI failed to ensure that local educational entities (“LEAs”) were compliant with the IDEA with respect to “Response to Intervention” strategies, and that this alleged failure resulted in Defendant Cumberland County Schools’ (“CCS”) “unlawful policy or practice” of delaying or denying them evaluations. D.E. 39 at 18-19.

But Plaintiffs have alleged no specific factual basis for their contention that DPI failed in its supervisory responsibilities under the IDEA. On the contrary, Plaintiffs’ allegations make clear that following a complaint in 2020, DPI implemented a corrective action plan to ensure that its policies were appropriate and that LEAs received technical assistance and support with respect to their obligations to identify and evaluate children who may be eligible for services under the IDEA. D.E. 28 ¶¶ 48-49; D.E. 28-3 at 13-15. Plaintiffs’ allegations also make clear that when Plaintiff Lee filed a complaint with DPI regarding specific alleged violations of the IDEA by CCS, DPI initiated an investigation and issued a report requiring that CCS take corrective action. D.E. 28 ¶¶ 80-85; D.E. 28-5.

Plaintiffs cannot avoid their own concessions that DPI has repeatedly taken appropriate steps to initiate corrective action with respect to its own policies and supervision and with respect to the actions of CCS. Plaintiffs nevertheless speculate that CCS’s alleged unlawful

practices were the result of DPI's supervisory failure, claiming only that "it is plainly obvious" that DPI's actions were inadequate. D.E. 28 ¶ 140. Such conclusory statements simply cannot form a plausible factual basis for Plaintiffs' claims against DPI. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not meet the pleading standard.); *see also, e.g.*, *C.B. v. Bd. of Educ. of Syosset Sch. Dist.*, No. 96-CV-5752 (FB), 1998 WL 273025, at *4 (E.D.N.Y. Jan. 15, 1998) ("[G]eneralized allegation[s], without more, do[ ] not subject [the State Education Agency] to liability under the IDEA.").

Plaintiffs do not contest—nor can they—that they may not impute liability to DPI for violations of the IDEA allegedly committed by CCS. D.E. 39 at 19, 23-24. As explained in DPI's memorandum of law, the IDEA "does not create a type of *respondeat superior* liability, imputing liability to [State Education Agencies] for every local deviation from the State-created standards." D.E. 30 at 17-18 (quoting *Carnwath v. Grasmick*, 115 F. Supp. 2d 577, 582 (D. Md. 2000)). Plaintiffs instead contend that they are not attempting to "hold DPI vicariously liable for CCS's violations of IDEA and Section 504." D.E. 39 at 19. But without specific factual allegations that DPI failed to meet its supervisory obligations under the IDEA, Plaintiffs' allegations amount to nothing more than an attempt to impute liability for CCS's actions to DPI. This they cannot do.

Plaintiffs' allegations regarding their Section 504 claim against DPI are even less substantive. Section 504 is an anti-discrimination statute that prohibits public educational entities from excluding individuals with disabilities from educational programs. 29 U.S.C. § 794(a). Here, Plaintiffs have alleged only that "Defendants excluded [Plaintiffs] from . . . NCDPI and

CCS programs solely by reason of their disabilities." D.E. 28 ¶ 152. But they identify no specific actions by DPI that "excluded" them from any educational program.

Plaintiffs instead argue that DPI's "supervisory violations" from 2011 onward constituted "gross mismanagement" that "deprived hundreds of disabled children of IDEA's evaluation procedures." D.E. 39 at 20-21. But Section 504, unlike the IDEA, does not impose any general supervisory obligations on state education agencies. *See McGraw v. Bd. of Educ. of Montgomery Cnty.*, 952 F. Supp. 248, 255 (D. Md. 1997) ("While IDEA does require the state to monitor recipients of federal funds, neither § 504 nor the ADA include such requirements."). Thus, even if Plaintiffs had plausibly alleged that DPI failed in its supervisory authority (they have not, *see supra*), they cannot maintain any such claim under Section 504.

## II. Plaintiffs Failed to Exhaust Their Administrative Remedies For IDEA Claims Brought Against DPI.

Even if Plaintiffs had plausibly alleged violations of the IDEA, they have failed to exhaust their administrative remedies with respect to any such claim. D.E. 30 at 10-16. None of Plaintiffs' arguments to the contrary are persuasive.

First, Plaintiffs contend that they were not required to exhaust because they were not provided notice of their "administrative rights" by CCS. D.E. 39 at 11-12. But Plaintiffs have not alleged, nor have they argued, that DPI failed to provide appropriate notice to them. CCS's alleged failure thus cannot exempt Plaintiffs from the requirement that they exhaust their administrative remedies on any purported claims against DPI.

Second, Plaintiffs argue that exhaustion was not required because they seek relief from a "systemic violation" of the IDEA—a "policy or practice of general applicability that is contrary to law." D.E. 39 at 12-16. Here, too, Plaintiffs contend only that they are challenging a "policy or practice" by CCS—not DPI. D.E. 39 at 14. More importantly, however, the Fourth Circuit has

never recognized a "systemic" or "policy-or-practice" exception to the IDEA's exhaustion requirement. *See D.C. by Chaplick v. Fairfax Cnty. Sch. Bd.*, 171 F.4th 255, 263 (4th Cir. Mar. 19, 2026) (collecting cases and noting that there is "no class action exception" to exhaustion); *see also MM ex rel. DM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 535 (4th Cir. 2002) (recognizing only three "narrow" exceptions to the exhaustion requirement: (1) when pursuing the administrative process would be futile, (2) when the school board failed to inform the parents of their administrative rights, and (3) when pursuing the administrative process would have severely harmed the child).

Third, Plaintiffs appear to contend that they are not required to exhaust administrative remedies with respect to their IDEA claims because they seek compensatory damages, which are not available under the IDEA. D.E. 39 at 16-18. However, courts have routinely held that "Plaintiffs should not be allowed to avoid the administrative requirements of the IDEA by claiming only monetary damages or other relief not available under IDEA." *B.D. v. DeBuono*, 130 F. Supp. 2d 401, 428 (S.D.N.Y. 2000); *see also Moore v. Chilton Cnty. Bd. of Educ.*, 936 F. Supp. 2d 1300, 1306 (M.D. Ala. 2013) ("Plaintiffs cannot avoid IDEA exhaustion simply by restricting their prayer for relief to monetary damages.").

Plaintiff relies on cases involving claims brought under statutes other than the IDEA (such as Section 504 and the Americans with Disabilities Act) and which resolved questions of whether those claims, which involved the denial of educational services, must be exhausted pursuant to the IDEA. *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 169 (2017) (holding that claims under other statutes seeking redress for harms independent of a denial of a free appropriate public education are not subject to the IDEA's exhaustion rule); *Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 150 (2023) (holding that suits under other statutes that are

"premised on the past denial of a free and appropriate education" are not subject to the IDEA's exhaustion rule if the plaintiff seeks a remedy that the IDEA cannot provide). Plaintiffs have cited no case holding that they are not required to exhaust their administrative remedies for claims brought *under the IDEA*. Nor can they.

### III. Plaintiffs Cannot Bring Claims Against DPI for Alleged Statutory Violations That Predate Their Injuries.

Plaintiffs' allegations against DPI are rooted in their contention that DPI has allegedly failed to fulfill its supervisory obligations "over the course of fifteen years." ¶ 143. But as discussed previously, any such claims fall well outside of the IDEA's one-year statute of limitations. D.E. 30 at 8-10.

Plaintiffs nevertheless contend that the IDEA's limitations period has not run against DPI because Plaintiffs did not receive adequate notice of CCS's decisions regarding their referral requests. D.E. 39 at 5-9. As discussed above, Plaintiffs' arguments make clear that their IDEA and Section 504 claims are based on CCS's alleged failures to identify and timely evaluate them. D.E. 39 at 7-8 (noting that "CCS never provided the minor plaintiffs' parents with written prior notice of its decision"). Plaintiffs' claims are not—nor can they be—based on allegations that DPI generally failed to meet its supervisory obligations over a period of many years prior to CCS's alleged failures towards Plaintiffs themselves. *See, e.g., Y.D. v. New York City Dep't of Educ.*, No. 14CV1137-LTS, 2016 WL 698139, at *5 (S.D.N.Y. Feb. 19, 2016) ("[T]he IDEA's private right of action does not authorize claims against State agencies that are rooted in the State's general supervisory role under the IDEA.") (collecting cases). Accordingly, to the extent that the First Amended Complaint asserts any claim against DPI arising from alleged violations that occurred in 2020 or 2011, that claim should be dismissed.

Respectfully submitted, this 21st day of May, 2026.

JEFF JACKSON
ATTORNEY GENERAL

/s/ Aymie Feeney
Aymie Feeney
Assistant Attorney General
State Bar No. 43805
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6643
afeeney@ncdoj.gov

**CERTIFICATE OF WORD LIMIT**

I hereby certify that the foregoing memorandum complies with L.R. 7.2(f)(3) because it contains 1,636 words, as determined by the undersigned's word processing software program.

/s/ Aymie Feeney
Aymie Feeney
Assistant Attorney General

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **REPLY IN SUPPORT OF NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users:

Robert C. Ekstrand
Ekstrand & Ekstrand LLP
rce@ninthstreetlaw.com

*Counsel for Plaintiffs*

Edward Eugene Coleman, III
Amie Carol Sivon
Mary M. Webb
Ragsdale Liggett PLLC
ecoleman@rl-law.com
asivon@rl-law.com
mwebb@rl-law.com

*Counsel for Cumberland County Board of Education, Ayanna Richard, and Shannon Booth*

This the 21st day of May, 2026.

/s/ Aymie Feeney
Aymie Feeney
Assistant Attorney General