# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
Case No.: 5:25-cv-00746-D-KS

| | |
|---|---|
| CYNTHIA LEE, M.S.Ed; R.S. by and through her parent, C.S., and on behalf of all others similarly situated; D.C. by and through his parent, B.C., and on behalf of all others similarly situated; J.M. by and through his parent, C.M., and on behalf of all others similarly situated; and L.J. by and through his parent and guardian, C.J., and on behalf of all others similarly situated<br><br>        Plaintiffs,<br><br>  v.<br><br>CUMBERLAND COUNTY BOARD OF EDUCATION; NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION; CAROL ANN HUDGENS in her official capacity as Senior Director of the North Carolina Department of Public Instruction Office of Exceptional Children; AYANNA RICHARD in her individual capacity and in her official capacity as Cumberland County Schools' Executive Director of Exceptional Children Services; and SHANNON BOOTH in her individual capacity and official capacity as Principal of Sherwood Park Elementary School;<br><br>        Defendants. | |

---

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

---

NOW COME Cumberland County Board of Education ("CCBOE"), Ayanna Richard, and Shannon Booth (together "Moving Defendants"), by and through undersigned counsel, and submit this reply memorandum in support of their motion to dismiss claims (DE 36) in the Amended Complaint ("Complaint") (DE 28) and in response to Plaintiffs' opposition brief (DE 45).

## INTRODUCTION

Plaintiffs' Complaint is essentially two separate lawsuits that arise from a similar set of facts: one based on claims of the Minor Plaintiffs and one based on claims of Lee, their teacher. Herein, Moving Defendants address aspects of Plaintiffs' opposition brief that call for further argument and explanation, though Moving Defendants also refer the Court to their arguments in their initial brief. (DE 37).

Based upon Plaintiffs' response brief, Plaintiffs have acknowledged that the 42 U.S.C. § 1983 and Rehabilitation Act official capacity claims against Richard and Booth should be dismissed as they are duplicative of the claims against CCBOE. (See DE 45 pp 16, 23). Plaintiffs also acknowledge that case precedent calls for the wrongful constructive discharge claim against CCBOE to also be dismissed. (DE 45, p 24). Plaintiffs' arguments as to the other asserted claims fail as discussed below.

## ARGUMENT

### I. Minor Plaintiffs Are Not Exempt from Exhausting Administrative Remedies

Minor Plaintiffs contend that they are exempt from exhausting administrative remedies because: (1) CCBOE "failed to give parents proper notification of their administrative rights; (2) Minor Plaintiffs seek "systematic relief from a policy or practice of general applicability that is contrary to law"; and (3) Minor Plaintiffs are seeking remedies not available through IDEA's administrative procedures. These arguments fail.

2

### A. The Parents Were Provided with Notice of their Administrative Rights through Prior Written Notices

First, Minor Plaintiffs claim that their parents were not provided prior written notice required by § 1415(b)(3)(A) and (c)(1). This contention is inaccurate as shown through Plaintiffs' own pleadings. Specifically, Exhibit 5 to Plaintiffs' Amended Complaint demonstrates that Minor Plaintiffs' parents were provided prior written notice on April 24, 2025 and May 20, 2025. (DE 28-5 at pp 4, 7, 9). These prior written notices "summar[ize] the actions taken during the meeting by the IEP Team." *See B.P. by Petruk v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:06CV445, 2009 WL 10737868, at \*13 (W.D.N.C. Oct. 26, 2009). "The pre-printed form for these DEC 5/Prior Written Notices contain boilerplate language" that "clearly advise the parents of the rights, procedure, and time limit for filing a contested case petition . . . ." *Id.* Additionally, following each meeting, the prior written notice was provided to each Minor Plaintiff's parent or guardian. Thus, Minor Plaintiffs' parents were provided notice of their administrative rights. Therefore, Minor Plaintiffs were required to exhaust their administrative remedies, yet failed to do so, and their claims should be dismissed on this basis.

### B. The Policy or Practice Exception is Not Recognized in the Fourth Circuit

Next, Minor Plaintiffs argue that they are excused from exhaustion because they seek "systematic relief from a policy or practice of general applicability that is contrary to the law." (DE 45). Minor Plaintiffs contend that Movants did not argue against this exception in their brief. However, this argument was squarely addressed in Movants' opening brief. (DE 37 pp 12-13). Minor Plaintiffs point to no Fourth Circuit authority to support the systematic "policy or practice exemption," nor could they because this is not a recognized exception in the Fourth Circuit, and this is a minority view. IDEA exhaustion requirements are consistently enforced where a party

3

claims systematic violations of the IDEA. *See D.C. by Chaplick v. Fairfax Cnty. Sch. Bd.*, 171 F.4th 255, 263 (4th Cir. 2026) (citing authority from the First, Ninth, and Tenth Circuits).

Minor Plaintiffs also argue that administrative procedures would not "further the goals of developing facts, making use of available expertise, and promoting efficiency" because Minor Plaintiffs and class members suffered the same violation implemented by Movants. (DE 45 p 7-8). This argument runs afoul of the purpose of the administrative requirement, which is "to give the state and local education agencies an opportunity to resolve a parent's concerns in the first instance." *Id*. The Complaint demonstrates that each Minor Plaintiff has their own unique difficulties in school. (DE 28 ¶¶ 53-56). This expressly requires "a factually intensive inquiry into the circumstances of each individual child's case" that should have been remedied through the administrative process. *Association for Community Living v. Romer*, 992 F.2d 1040, 1044 (10th Cir. 1993).

Further, Minor Plaintiffs argue that excusing the exhaustion requirements promotes efficiency because requiring Minor Plaintiffs and class members to exhaust these requirements would create hundreds of individual cases to resolve the same legal issue. (DE 45 p 9). "Consolidating individual claims into one lawsuit, however, does not erase the IDEA's exhaustion requirement; there is no class action exception." *D.C. by Chaplick*, 171 F.4th at 263. Therefore, Minor Plaintiffs are not exempt from exhausting administrative requirements, and because they did not exhaust these requirements, their claims must be dismissed.

### C. The Remedies Sought by Minor Plaintiffs are available through IDEA

Finally, Minor Plaintiffs contend that exhaustion of administrative remedies is not required because they seek remedies not available through IDEA's administrative procedures. (DE 45). Minor Plaintiffs note that they seek declaratory, injunctive, and monetary relief, "none of which

4

are available in IDEA's administrative procedures." (DE 45). Section 1415(i)(2)(C)(iii) provides that the court "shall grant such relief as the court determines is appropriate." This "confers broad discretion on the court" in granting equitable relief such as declaratory and injunctive relief. *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369, 105 S.Ct. 1996, 2002 (1985). To the extent that Minor Plaintiffs are seeking monetary relief under IDEA, these claims should be dismissed. Defendants cite multiple authorities in their opening brief to support this contention.

### D. Minor Plaintiff L.J.'s Claims are Moot

Minor Plaintiff L.J. has cited no case law to rebut the contention that his claims are moot. Minor Plaintiff L.J. filed a petition for a due process hearing in which CCBOE agreed to implement the initial evaluation procedures for L.J. "When requested testing has been completed . . . there is no viable controversy and the court does not have jurisdiction due to the parties lacking a legally cognizable interest in the outcome." *Johnson v. Charlotte-Mecklenburg Schs. Bd. of Educ.*, No. 3:19-CV-244-MOC-DCK, 2020 WL 3893627, at \*3 (W.D.N.C. July 10, 2020), *aff'd*, 20 F.4th 835 (4th Cir. 2021). L.J. does not allege an exception to the mootness doctrine; instead, L.J. merely argues that the allegations show CCBOE's response to referrals of suspected children with disabilities and the breadth of the policy across the school district. However, this does not present a cognizable controversy for the Court. Therefore, Minor Plaintiff L.J.'s claims must be dismissed as moot.

### II. Minor Plaintiffs' Section 504 Claims Must be Dismissed

Minor Plaintiffs argue they have sufficiently alleged a claim for violations of Section 504 because they have plausibly alleged that CCS, through bad faith or gross misjudgment, consciously disregarded a known risk that students in Plaintiffs' position would be deprived of their federally

protected rights in the same way the Minor Plaintiffs were. (DE 45 p 14). Yet, as Minor Plaintiffs point out, the bad faith or gross misjudgment standard has been expressly overruled by *A.J.T. v. Osseo Area Schs., Indep. Sch. Dist. No. 279*, 605 U.S. 335, 345 (2025). Thus, Minor Plaintiffs' bad faith or gross misjudgment argument is misplaced.

Additionally, Minor Plaintiffs have failed to sufficiently allege that they were discriminated against based solely on their disability as expressly required by the Rehabilitation Act. Minor Plaintiffs rely solely on conclusory allegations that "Defendants excluded the Minor Plaintiffs and Class Members from . . . CCS programs solely by reason of their disabilities . . . ." (DE 28 ¶ 152). These allegations are insufficient to state a claim under Section 504 of the Rehabilitation Act and must be dismissed accordingly.

### III. Minor Plaintiffs' Claims Against Defendants Booth and Richard Fail as to Both The Claims Pled in Their Official and Individual Capacities

#### A. Official Capacity Claims

In Plaintiffs' response brief, Plaintiffs stipulate that their official capacity claims against Defendants Booth and Richard are duplicative of the claims asserted against CCS, and they may be dismissed.

#### B. Individual Capacity Claims

Minor Plaintiffs have asserted claims against Defendants Booth and Richard in their individual capacities under 42 U.S.C. § 1983 for violations of Section 504 of the Rehabilitation Act. Plaintiffs argue that they have pled sufficient allegations to show that Defendants Booth and Richard participated in, enforced, and even trained CCBOE staff to follow district policy that violates the rights of disabled children. (DE 45 p 17).

First, as cited in Moving Defendants' opening brief, there is ample authority to support the proposition that Section 504 of the Rehabilitation Act does not create individual liability. (DE 37,

6

p 17). Therefore, Minor Plaintiffs' individual liability claims against Defendants Booth and Richard under Section 504 of the Rehabilitation Act must be dismissed.

Additionally, Minor Plaintiffs' individual liability claims against Defendants Booth and Richard under 42 U.S.C. § 1983 are predicated on violations of Section 504 of the Rehabilitation Act. These claims also fail because Minor Plaintiffs cannot assert a § 1983 claim based on violations of the Rehabilitation Act. A plaintiff may not sue under § 1983 for a violation of the IDEA. *Sellers ex rel. Sellers v. Sch. Bd. of the City of Manassas, Va.*, 141 F.3d 524, 529, (4th Cir. 1998), *overruled on other grounds by A.J.T. ex rel. A.T. v. Osseo Area Schs., Independent Sch. Dist. No. 279*, 145 S. Ct. 1647 (2025). Although the Fourth Circuit has not addressed the issue of whether a plaintiff may use § 1983 to sue for violations of the ADA or Rehabilitation Act, other federal courts have held that plaintiffs are not permitted to use § 1983 to recover for Rehabilitation Act violations. *Anderson v. Sch. Bd. of Gloucester County, Va.*, No. 3:18cv745, 2020 WL 2832475, at *21-22 (E.D. Va. May 29, 2020) (citing various cases from the Third, Fifth, Eighth, Ninth, and Eleventh Circuits, and other Fourth Circuit district courts, for this point). Minor Plaintiffs are attempting to use § 1983 as a vehicle to assert claims for violations under the Rehabilitation Act, which has been squarely rejected in other circuits. Therefore, this Court should follow these courts and dismiss these claims.

Even if Minor Plaintiffs are asserting a standalone claim under 42 U.S.C. § 1983 against Defendants Booth and Richard in their individual capacities, these claims also fail. Minor Plaintiffs do not allege that Defendants Booth and Richard **intended** to treat Minor Plaintiffs differently **because** of their disabilities. *See S.F. v. Union Cnty. Bd. of Educ.*, No. 3:23-CV-00139-FDW-DCK, 2024 WL 1316229, at *2, *6 (W.D.N.C. Mar. 27, 2024) (unpublished). Instead, Minor Plaintiffs merely allege that Booth and Richard participated in, enforced, and even trained CCBOE

7

staff to follow district policy that violates the rights of disabled children. These allegations are insufficient to support Minor Plaintiffs' individual capacity claims against Defendants Booth and Richard because they lack intentionality and causation. These claims must also be dismissed.

### IV. Plaintiff Lee's Allegations Are Insufficient to Support Constructive Discharge and Retaliation Claims

A primary basis for dismissal of Plaintiff Lee's claims is that Lee's allegations on their face do not describe conditions so intolerable that a reasonable person would have felt compelled to resign as is necessary for claims of hostile environment constructive discharge. (DE 28, ¶¶ 87-95). Plaintiff's response brief points to the few attempts made in the Amended Complaint to allege constructive discharge. (DE 45, p 22). Even taken in the light most favorable to Plaintiff, these allegations are not so intolerable to force someone to resign. Most of the described allegations involve superiors ridiculing her in front of others, but with little details actually alleged of what was said. The described incidents do not create a potential constructive discharge case to survive the motion to dismiss. Plaintiff has not described conditions that are "severe or pervasive." *See Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 781 (4th Cir. 2023).

In the response brief, Lee has not cited to case law to support her position that her allegations sufficiently describe constructive discharge to survive a motion to dismiss. Lee only cites to *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) which is easily distinguishable. *Constatine* was not an employer-employee constructive discharge case. It concerned a student bringing an ADA and First Amendment claim against a university. *See Id.* (holding that "for purposes of a First Amendment retaliation claim under § 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights.") *Constatine*

Case 5:25-cv-00746-D-KS    Document 49    Filed 07/10/26    Page 8 of 13

would only be applicable for Lee's First Amendment claim (and is discussed more herein), but it is not applicable to the other claims pled by Lee.

## V. The Protection For Reporting Improper Government Activities Act Claim Was Addressed by Defendants and Should Be Dismissed.

Lee's brief claims that CCS Defendants did not make an argument to dismiss North Carolina's Protection for Reporting Government Activities Act claim. (DE 45, p23). This claim was nominally one of Lee's claims pled together in the "Third Cause of Action." (DE 45 pp 53-54). As Defendants stated initially, Lee combined multiple claims as one actual claim in a very confusing manner. Defendants addressed this claim generally as part of the Third Cause of Action. As part of the "third cause of action" this aspect of the claim should also be dismissed for failure to state a claim upon which relief can be granted. To the extent it is a separate claim pled by Lee, it is not sufficiently alleged in the Amended Complaint.

## VI. Lee's Claim Brought Under IDEA Should Be Dismissed

Again, Lee confusingly lists several claims under her Third Cause of Action including "Retaliation in Violation of IDEA." (DE 28, p 53). If Lee is bringing a claim under IDEA, she lacks standing and the claim should be dismissed as argued by Defendants. (DE 37, p 20). To the extent she is not bringing a claim pursuant to IDEA, then this argument would not apply.

## VII. Lee's Claims Against Booth and Richard Individually Should Be Dismissed

Based upon Lee's response brief, it seems that Lee agrees that at least some of the individual claims against Booth and Richard should be dismissed. (DE 45, p 25). As stated by Defendants previously, all the claims against Booth and Richard pled individually should be dismissed including the Retaliation in violation of IDEA and Section 504. (DE 37, pp 21-22). Lee makes no argument and cites to no support that there can be individual liability under the Acts. (See DE 45, p 24).

**VIII.   Lee's Wrongful Discharge Claim Should Be Dismissed as Conceded by Lee**

Lee concedes that the recent case of *Batchelor v. City of Wilson*, 747 F. Supp. 3d 845 (E.D.N.C. 2024) holds that North Carolina does not recognize a claim for wrongful constructive discharge in violation of public policy.  (DE 45, p 26). Accordingly, this claim should be dismissed.

**IX.   Lee's First Amendment Claims Should Be Dismissed as She Was Not Speaking as a Citizen and Was Not Subject to an Adverse Act.**

**A.  Lee Was Not Speaking as a Citizen**

Based upon the actions described by Lee in the Amended Complaint, Lee was not acting as a citizen, she was acting as the Minor Plaintiffs' teacher. It was because she was their teacher that she had access to their education records and made the decision as their teacher to refer them for additional services.  An ordinary citizen would not be able to engage in these acts. When as a teacher, she felt like the proper process had not been followed, she filed a complaint with NCDPI. All of her acts were part of Lee's role as a teacher, not as citizen.  Defendants' argument is not conclusory but is based upon Lee's allegations in the Amended Complaint. Lee's First Amendment retaliation claim fails as her allegations show she was not speaking as a citizen.

**B.  Insufficient Allegations for Adversely Affected First Amendment Rights**

A First Amendment Retaliation claim requires the following elements:  "(1) [plaintiff] engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendants' conduct." *Constantine*, 411 F.3d at 474. "[A] plaintiff seeking to recover for retaliation must show that the defendant's conduct resulted in something more than a "de minimis inconvenience" to her exercise of First Amendment rights." *Id.* at 500.

Lee's claims do not show that Defendants took an action that adversely affected her First Amendment rights. There was no adverse action taken by Defendants described in the Amended

Complaint to fit that as described in *Constantine.* When reviewing the allegations that Plaintiff points to (See DE 45 p 20), these are not adverse acts that chilled Lee's First Amendment rights. For this additional reason, the First Amendment retaliation claim fails.

### X.     Lee's State Constitutional Claim Should Be Dismissed

Lee's North Carolina First Amendment Claim fails for various reasons. First, it fails for the same reasons as the claim under the United States' Constitution fails. Additionally, it should fail because North Carolina does not recognize constructive discharge for wrongful discharge in violation of public policy and the same should be true when the same allegations are alleged for a claim under the First Amendment.

If any of Lee's state law claims survives the motion to dismiss, then the state constitutional claim must be dismissed because Lee would have an adequate state remedy if she can prove the claim. This issue can be determined at the motion to dismiss stage. However, if the other state law claim does not survive this motion, then the constitutional claim *could* remain. As previously mentioned, the state constitutional claim fails for other reasons.

### XI.     Punitive Damages Are Not Available Against Individual Defendants

For the reasons stated above, the claims against Defendants Booth and Richard in their individual capacities fail. Accordingly, punitive damages are not available against Defendants Booth and Richard. Therefore, these claims must also be dismissed.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons and as discussed in the previous brief, Defendants Cumberland County Board of Education, Ayanna Richard, and Shannon Booth's motion to dismiss should be granted.

11

Respectfully submitted this 10th day of July 2026.

**RAGSDALE LIGGETT PLLC**

By:    _/s/ Amie C. Sivon_____
Mary M. Webb
N.C. Bar No. 19166
Email: mwebb@rl-law.com
Amie C. Sivon
N.C. Bar No. 34206
Email : asivon@rl-law.com
Edward E. Coleman III
N.C. Bar No. 42515
Email: ecoleman@rl-law.com
2840 Plaza Place, Suite 400
Raleigh, NC 27612
Phone: (919) 787-5200
Fax: (919) 783-8991
_Counsel for Defendants Cumberland County Board of Education, Ayanna Richard, and Shannon Booth_

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.2(f), counsel for Moving Defendants certifies that the foregoing brief, which is prepared using a proportional font, is less than 10 pages (excluding case caption, the signature block, any required certificates, any table of contents, any table of authorities, and any attachments, exhibits, affidavits, and other addenda) as reported by the word-processing software.

Electronically submitted
Amie C. Sivon

13